# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CITY OF WEBSTER GROVES, MO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18CV1910RLW |
| CCATT LLC, et al., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Remand filed by Plaintiff, the City of Webster Groves, Missouri ("the City"). (ECF No. 20) The motion has been fully briefed. After careful consideration, the Court denies the motion.

## BACKGROUND

In August 1997, the City entered into a lease agreement with Eastern Missouri Cellular Limited Partnership, a predecessor in interest to Defendant New Cingular Wireless PCS, LLC ("New Cingular"). The lease agreement provided for the City to lease to New Cingular certain real property located in and owned by the City for the construction and operation of a communications tower. In 2013, New Cingular notified the City that it would grant sublease rights to manage and operate the communications tower on the leased premises to Crown Castle International Corp. ("Crown Castle") while New Cingular would remain the tenant.

In May 2018, the City discovered a provision of the lease agreement, which related to escalation of the base rent, had not been implemented. The City then requested a rent reconciliation report from Crown Castle for the underpayment of rent beginning in 1997. Crown Castle sent a document admitting there was an underpayment between 2007 and 2017. The City

disputed the total amount due and sent a notice of default to Crown Castle and New Cingular (collectively referred to as "Defendants"). After Defendants failed to cure the alleged defaults, the City sent a notice terminating the lease agreement and demanding possession of the leased premises. According to the City, Defendants have refused to cure their defaults, pay owed amounts, remove improvements and other personal property from the leased premises (including the communications tower itself), or vacate the leased premises.

The City sued in state court and asserted claims for breach of contract (Count I), declaratory judgment (Count II), and unlawful detainer (Count III). Crown Castle then removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendants filed their Answers (ECF Nos. 15 & 17), and Defendant CCATT LLC ("CCATT") filed a counterclaim of breach of contract/breach of the implied covenant of good faith and fair dealing (ECF No. 18). The City has moved for the case to be remanded to state court, arguing Defendants have failed to sufficiently plead facts to invoke diversity jurisdiction. The City also contends principles of federalism and comity support this case proceeding in state court. On December 20, 2018, the Court granted the parties' Joint Motion to Stay (ECF No. 24) pending the resolution of the City's Motion to Remand and vacating the Order Setting Rule 16 Conference. (ECF No. 26)

## **LEGAL STANDARD**

A party may remove an action to federal court only if it could have been brought in federal court originally. *Junk v. Terminix Int'l Co*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1441(a)-(b)). In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14CV01735 AGF, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the

defendant seeks to invoke federal jurisdiction through removal, . . . it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "[A] case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint." *Kaufman v. Boone Ctr., Inc.*, No. 4:11CV286 CDP, 2011 WL 1564052, at *1 (E.D. Mo. Apr. 25, 2011). A plaintiff may move to remand the case if the district court lacks subject matter jurisdiction. *Junk*, 628 F.3d at 444 (citing 28 U.S.C. § 1447(c)). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

## DISCUSSION

The City first argues remand is proper because Crown Castle failed to properly invoke federal diversity jurisdiction.

Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over a civil action where the amount in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is considered a citizen of the state in which it is incorporated and the state where it has its principal place of business. "For purposes of establishing diversity,

a limited liability company's citizenship is the citizenship of each of its members." *Little Otters of Love, LLC v. Rosenberg*, 724 F. App'x 498, 501 (8th Cir. 2018).

In its Notice of Removal, Crown Castle asserted it is a Delaware corporation with its principal place of business in Texas. (ECF No. 1, at ¶ 9) It further explained that CCATT is a limited liability company ("LLC") whose sole member is another LLC, CCATT Holdings LLC, whose sole member is Crown Castle USA Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania. (*Id.* at ¶ 8) For New Cingular's citizenship, however, Crown Castle asserted the following:

> *Upon information and belief*, New Cingular Wireless PCS, LLC f/k/a/ AT&T Wireless PCS, LLC ("New Cingular") is not a citizen of Missouri because it is a limited liability company without any owner or member that [is] a citizen of Missouri. *Upon information and belief*, neither New Cingular nor its members are citizens of Missouri.

(*Id.* at ¶ 10) (emphasis added) Because the party seeking removal bears the burden of proving the jurisdictional requirements, *Bell*, 557 F.3d at 956, the City argues Crown Castle was required to identify the members of each defendant LLC and sufficiently plead that none of their members are citizens of Missouri of which the City is considered a citizen. The City contends Crown Castle's allegation based "[u]pon information and belief", rather than specifically pleading the identify of New Cingular's members and their respective citizenships, fails to properly invoke diversity jurisdiction.

Crown Castle effectively concedes that the pleadings in its Notice of Removal regarding New Cingular's citizenship are insufficient,[1] but it argues the proper remedy is for the Court to

---

[1] The Court notes and rejects Crown Castle's complaint that its pleadings concerning New Cingular's citizenship were lacking because the City's state court petition did not specify the citizenship of each LLC member. Such information was not required in the state court filing; however, it became Crown Castle's duty to investigate and properly allege each parties' citizenship once it decided to remove the case to federal court. *See Bell*, 557 F.3d at 956.

- 4 -

grant leave to amend rather than remand the case to state court. Despite failing to initially plead with specificity the citizenship of New Cingular's LLC members in the Notice of Removal, Crown Castle has provided sworn declaration from a legal administrator at AT&T Services, Inc. who asserts the citizenship of New Cingular's LLC members. (ECF No. 27-1) Assuming the information contained in the declaration is accurate, complete diversity exists between the parties in this action.

The Court agrees with Crown Castle that the proper procedure in this situation is to grant leave to amend the Notice of Removal to include more specific facts concerning the citizenship of all parties. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *see Davis v. Citibank, N.A.*, No. 4:14 CV 1129 CDP, 2014 WL 6673520, at *2 (E.D. Mo. Nov. 24, 2014) ("If the procedure for removing a case is defective, the preferred result is to continue to allow the defect to be cured so the removed action can remain in federal court."). "[A]mendments should be permitted, to implement the spirit of the statute and rules cited herein, where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court." *Roberts v. Panhandle E. Pipe Line Co.*, 737 F. Supp. 545, 548 (W.D. Mo. 1990) (quoting *Stanley Elec. Contractors v. Darin & Armstrong Co.*, 486 F.Supp. 769 (E.D. Ky. 1980)). Because the information related to New Cingular's citizenship contained in the attached declaration, if true, establishes complete diversity,[2] the Court grants Crown Castle leave to file an amended notice of removal.

---

[2] Crown Castle's supplemental information contained in the attached declaration and its willingness to file an amended notice of removal distinguishes this case from those cited by the City. In *Yestingsmeier v. 801 Chophouse STL, LLC*, No. 4:17-CV-2427 RLW, 2018 WL 3056047, at *2 (E.D. Mo. June 20, 2018), and *Affordable Communities of MO v. EF & A Capital Corp.*, No. 4:08-CV-1509 CAS, 2008 WL 4966731, at *3 (E.D. Mo. Nov. 19, 2008), the courts remanded their respective cases to state court after the removing parties initially failed to sufficiently allege the citizenship of LLC parties *and* where the proposed supplemental material

The City also argues the Court should remand the case because principles of federalism and comity warrant exercising abstention. Courts have held that certain principles permit federal courts to abstain from exercising diversity jurisdiction and "restrain their authority" in order to maintain "scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." *Burford v. Sun Oil Co.*, 319 U.S. 315, 332 (1943) (quoting *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 501, 61 S. Ct. 643, 645, 85 L. Ed. 971 (1941). In *Burford*, the Supreme Court held that in a diversity action where there is a "general regulatory system devised" for a particular issue, *id.* at 318, and the state "has established a system of thorough judicial review by its own State courts" on such matters, *id.* at 325, "a sound respect for the independence of state action requires the federal equity court to stay its hand." *Id.* at 334.

The City argues Missouri's statutory scheme for forcible entry and unlawful detainer in Chapter 534 of the Missouri Revised Statutes under which the City seeks relief is such a regulatory system that warrants the Court's abstention and the case's remand. In support, the City cites to other district courts that have abstained from exercising jurisdiction and remanded cases involving forcible entry and detainer or eviction because "the landlord-tenant relationship is fundamentally a matter of state law." *See, e.g.*, *Fed. Home Loan Mortg. Corp. v. Cardenas*, No. CIV. 13-2356 JRT/JJK, 2014 WL 4639887, at *3 (D. Minn. Sept. 16, 2014) (noting that "courts have 'often abstain[ed] from hearing eviction matters to avoid completely emasculating the state structure for dealing with such disputes.'") (alteration in original and citations omitted).

---

merely alleged the *residency* of LLC members. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (noting that "it is simply incorrect to say . . . residency establishes . . . citizenship for the purpose of diversity jurisdiction"). Here, Crown Castle has provided detailed information establishing the *citizenship* of New Cingular's members.

In *CPG Finance I, L.L.C. v. Shopro, Inc.*, No. 06-3015-CV-S-RED, 2006 WL 744275 (W.D. Mo. Mar. 22, 2006), a court from this Court's sister district determined *sua sponte* that it lacked subject matter jurisdiction over claims for rent and possession. Specifically, the plaintiff brought two claims: "(1) for back rent owed and immediate possession of the premises . . . and (2) enforcement of the guaranty under the lease agreement." *Id.* at *1. Defendants removed the case to federal court on the basis of diversity jurisdiction and asserted counterclaims for breach of contract and breach of covenant of good faith and fair dealing. *Id.*

The court in *CPG* remanded the case to state court and noting the plaintiff's claims under applicable Missouri statutes[3] would be entitled to summary proceedings. *Id.* at *2 (quoting *Black's Law Dictionary* 1222 (7th Ed. 1999) ("A summary proceeding is defined as "[a] nonjury proceeding that settles a controversy or disposes of a case in a relatively prompt and simple manner."). The court held that the plaintiff's claims should proceed in state court as "there is no authorization for summary adjudication of rent and possession actions contained within the Federal Rules of Civil Procedure or authorized by any other statute governing federal court procedures." *Id.* at *3. Further, the court explicitly noted the defendants' counterclaims did not change this analysis because, "[t]o the extent that Defendants would attempt to transform this summary proceeding into a plenary one by removing the case to federal court and filing counterclaims, such efforts must fail." *Id.*

The court in *CPG* also considered abstention principles although it ultimately decided they did not form its basis for remand.

---

[3] The statutes at issue in *CPG* were under Chapter 535 of the Missouri Revised Statutes whereas the claims in this case were brought under Chapter 534. The Court determines this difference is immaterial at this stage because both chapters provide for summary proceedings. *See* Mo. Rev. Stat. §§ 534.010-590; *Fannie Mae v. Truong*, 361 S.W.3d 400, 404-05 (Mo. 2012) (en banc) ("Unlawful detainer proceedings are summary in nature and the ordinary rules and proceedings of other civil actions do not apply.").

> It is undisputed that the above styled case involves a landlord/tenant dispute under state law that in no way implicates federal law. Since the petition was brought under a statute authorizing immediate possession, the remedy sounds in equity. Federal courts have long deferred to state public policy in such areas, particularly when there is a specific procedure that adequately protects the litigants' rights and does not involve a federal question. Here, a simple state summary process exists to settle a landlord/tenant dispute in an expedient manner, and the removal of this case to federal court has only delayed this process by several months. Accordingly, principles of comity, federalism and judicial economy further support remand of this case to the state circuit court for prompt disposition.

*Id.* at *4 (citations omitted).

This case is distinguishable from *CPG*. While Crown Castle, like the defendant in *CPG*, has asserted a counterclaim of breach of contract/breach of the implied covenant of good faith and fair dealing, *the City* chose to assert claims for not only unlawful detainer (Count III) but also breach of contract (Count I) and declaratory judgment (Count II). As the court noted in *CPG*, the relief sought by the plaintiff – immediate possession of the subject premises – were equitable in nature. 2006 WL 744275, at *4. Here, however, the City itself seeks both equitable and legal remedies in the form of possession and declaratory judgment as well as monetary damages for the breach of contract claim. The Court concludes that, based on the nature of the City's own claims and requested forms of relief, abstention is not warranted and the Court must exercise its jurisdiction over the action.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand filed by the City of Webster Groves, Missouri (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Crown Castle, in accordance with the foregoing, shall file an amended notice of removal within fourteen (14) days of the date of this Memorandum and Order.

Having denied the City's Motion to Remand, the stay is hereby **LIFTED** and the Court will issue a renewed order setting Rule 16 Conference and accompanying deadline by which the parties shall submit a joint proposed scheduling plan.

Dated this 3rd day of September, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**